UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Kelsey K., <br><br> Plaintiff, <br> v. <br> Acting Commissioner of Social Security, <br><br> Defendants. | Case No. 3:21-CV-05885-TLF <br><br> ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS |

Plaintiff has brought this matter for judicial review of the Commissioner's denial of his applications for disability insurance and supplement security income ("SSI") benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. Because the ALJ erred in evaluating plaintiff's subjective symptom statements, this case is remanded for further proceedings.

PROCEDURAL BACKGROUND

Plaintiff filed applications for supplemental security income benefits on January 2, 2019, alleging they became disabled as of March 24, 2013. Dkt. 8, Administrative Record ("AR") 258, 261. The alleged onset date was later amended to January 17, 2018. AR 15, 74-75. The ALJ found plaintiff was not disabled, in a decision dated February 3, 2021. AR 15-30. The Appeals Council denied review in October 2021. AR

ORDER REVERSING AND REMANDING FOR
FURTHER PROCEEDINGS - 1

1-6, 260. Plaintiff filed a complaint with this Court, seeking reversal and remand for further administrative proceedings. Dkt. 4.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless it is: (1) based on legal error; or (2) not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576). The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## ISSUES FOR REVEW

1. Whether the ALJ committed harmful error in discounting plaintiff's subjective symptom statements.

2. Whether the ALJ committed harmful error in evaluating the impact of plaintiff's limitations relating to morbid obesity.

    3. Whether the ALJ committed harmful error in determining plaintiff's residual functional capacity.

## DISCUSSION

The Commissioner employs a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. At step four of that process, a claimant's residual functional capacity ("RFC") is assessed to determine whether past relevant work can be performed, and, if necessary, at step five to determine whether an adjustment to other work can be made. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). At step five, the ALJ has the burden of proof, which can be met by showing a significant number of jobs exist in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1520(e), § 416.920(e).

### A. The ALJ's decision regarding plaintiff's assertions about subjective symptoms

Plaintiff contends the ALJ erred by failing to identify the portions of plaintiff's statements that were inconsistent with medical evidence, and also engaged in cherry-picking certain aspects of the medical record. Dkt. 10, Opening Brief, at 4. Also, plaintiff contends the ALJ should not have discounted plaintiff's statements based on activities of daily living. Dkt. 10 at 6-9. And, plaintiff asserts the ALJ erred by not addressing plaintiff's statements about side-effects from multiple medications. Dkt. 10 at 9-10.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff

has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014).

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But an ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). Treatment records cannot be cherry-picked; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d at 1164.

An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

In this case, the ALJ identified several of plaintiff's assertions describing symptoms as being not credible. The ALJ pointed to plaintiff's assertions of back, hip, and leg pain, and lack of sensation in certain areas of her body – which could be related to her back impairment, hip impairment, and/or Type II diabetes. AR 22-23, 27. The ALJ also identified as less-than-credible, plaintiff's assertions of symptoms from anxiety, panic attacks, hypervigilance, fearfulness, and difficulty with crowds. AR 24, 27-29.

ORDER REVERSING AND REMANDING FOR
FURTHER PROCEEDINGS - 4

The record shows that during the relevant period, plaintiff had a 69-hours-per-month caregiver, paid for by the Washington State Department of Social and Health Services. AR 350-368. The caregiver had been assigned to assist with transportation, medications monitoring and diabetes management, and with necessary services at home (such as cooking, getting dressed, personal hygiene, toilet use, transfers, and bathing). AR 357.

Multiple doctors and other medical professionals diagnosed back, and shoulder, impairments that were extremely painful. AR 584-585, 847-848, 1227-1229, 1529, 1552, 1597, 1623, 1632, 1635, 1638,1766, 2006. For example, Dr. Andrew Tsoi found that plaintiff would be limited to sedentary work (AR 378), but also noted, "[b]ased solely on todays encounter, pt's chances of returning to any meaningful employment seems remote". AR 383 (evaluation dated 2-2-2018). Plaintiff's primary care physician, Dr. Macatuno, stated that plaintiff's pain would cause her to require unscheduled pain breaks during the workday, every 15-30 minutes. AR 2007 (Report dated 10-26-2020). Each break would require an average of 15 minutes. AR 2007. During such breaks, plaintiff would need to walk for at least 10 minutes. AR 2007.

Dr. Macatuno opined the impairments had lasted, or would be expected to last, at least 12 months. AR 2006. Dr. Macatuno stated that plaintiff would only be able to sit 30 minutes at one time; and she would only be able to stand for 10 minutes at one time. And, Dr. Macatuno indicated that plaintiff would be able to sit and stand/walk for less than two hours total, in an 8-hour working day (with normal breaks). Dr. Macatuno also stated that plaintiff had experienced these symptoms since plaintiff became a patient in 2017, but plaintiff told Dr. Macatuno that these symptoms had been present before she

ORDER REVERSING AND REMANDING FOR
FURTHER PROCEEDINGS - 5

1  became a patient of Dr. Macatuno. AR 2009. Dr. Macatuno also stated that, at most,
2  plaintiff could walk less than one city block without rest, or severe pain. AR 2007.
3        Regarding activities that plaintiff was able to engage in, the ALJ's decision is not
4  supported by the record. The 69-hours-per-month DSHS-paid caregiver had been
5  assigned in April 2018 to assist plaintiff with transportation, medications, monitoring
6  blood sugar level and other diabetes management, and with necessary services at
7  home (such as cooking, getting dressed, personal hygiene, using the toilet, transfers,
8  and bathing). AR 82, 357. The few activities she participated in, and her attempt at part-
9  time employment, were not inconsistent with the limitations and symptoms she alleged.
10 AR 1023 (can't do housework), 1380 (restricted to working only 20-hours per week),
11 1376 (because plaintiff is unable to stand for a long period of time, counselor suggests
12 part time front desk or call center job), 1382, 1414-1415 (plaintiff has a temporary job
13 starting in March 2020, stocking snacks), AR 1384 (states that she states that she is
14 "scared to go back to work" and she slept five days straight because of medication),
15 1430 (notes about self-isolation, and being on her feet for 8 hours during her part-time
16 job), 1432 (talks about exercise by doing some chores and possibly taking a walk); AR
17 1400 (in November or 2019, plaintiff reports playing "Go" at Teracrux on Pacific
18 Avenue), AR 1433 (hobbies – crochets, paints, colors, calligraphy, writing), AR 1457-
19 1462 (plaintiff is working "a couple days a week" and "is doing housework" and "not
20 been too much cooking" as of July 22, 2020).
21       The ALJ's decision regarding plaintiff's subjective symptom testimony is not
22 supported by substantial evidence in the medical record. "Only if the level of activity
23 were inconsistent with Claimant's claimed limitations would these activities have any

ORDER REVERSING AND REMANDING FOR
FURTHER PROCEEDINGS - 6

bearing on Claimant's credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In this case, the level of activity would be consistent with plaintiff's claims about pain, side-effects of medications, difficulty with sitting or standing for a certain time as would be required to sustain full-time work, and limitations of mobility.

### B. Morbid Obesity

Plaintiff argues the ALJ failed to follow Social Security Ruling (SSR) 19-2p (2019 WL 2374244, May 20, 2019). Yet the ALJ considered the plaintiff's obesity at step two and found that it was a severe, medically determinable impairment, AR 18; the ALJ also considered obesity at step three – and noted that no medical source had concluded that plaintiff's obesity equaled a listed impairment. AR 20. When deciding plaintiff's RFC, the ALJ also considered the effects of obesity (in combination with other impairments). AR 24. According to SSR 19-2p, this was not error. *See, Diaz v. Commissioner of Social Sec.,* 577 F.3d 500, 504 (3rd Cir. 2009) ("[t]he ALJ, of course, need not employ particular 'magic' words", when considering the claimant's obesity -- analyzing the former SSR 00-3p).

### C. The ALJ's decision regarding plaintiff's RFC

Plaintiff argues the ALJ failed to consider side-effects of medications when determining her RFC. An ALJ is required to consider all factors that may significantly impact the person's ability to work, and this includes side-effects of medications. *Erickson v. Shalala,* 9 F.3d 813, 818 (9th Cir. 1993). Yet the plaintiff is required to establish that side-effects of medications actually had an impact on their ability to work. *Arnold v. Saul,* 990 F.3d 1046 (7th Cir. 2021). If the ALJ has rejected plaintiff's statements about side effects, finding clear and convincing reasons to find those

ORDER REVERSING AND REMANDING FOR
FURTHER PROCEEDINGS - 7

statements are not supported, then the side-effects do not need to be included in the RFC. *Thomas v. Barnhart,* 278 F.3d 947, 960 (9th Cir. 2002).

Here, plaintiff alleged that she took 16 medications every day – I.V., injections, and pills; she stated that these medications led to side effects that caused her to feel it was not possible to leave the house, and created a situation where she had to give up doing activities. The side effects included exhaustion (constant), brain dysfunction, depression, constipation, nausea. AR 88-89. On her application, plaintiff stated that:

- Her albuterol nebulizer caused her to have jitters, shaking, and it created problems with her back. AR 298
- Bentyl, a drug that she took for management of irritable bowel syndrome, make the cramping worse
- Gabapentin, a drug she took for a condition of the sciatica nerve, slowed her mental capacity;
- Hydrochlorothiazide, a drug she took for leg edema, caused frequent urination
- Latuda, a drug she took for depressive bipolar and post-traumatic stress disorder, caused her to feel exhausted
- Simicort inhaler, a drug that she took for asthma, caused voice box problems, and
- Trazadone, a drug she took for depression, caused exhaustion. AR 298-299.
- She also listed dizziness as a side effect of medications. AR 311.

...
...

Plaintiff also identified the side effects of exhaustion and impaired mental functioning during mental and physical examinations. E.g., AR 371 (Dr. Alysa A. Ruddell, Ph.D., evaluation dated 1-31-2018). The record shows that plaintiff's side effects of medication were reported by plaintiff; allegations of these limitations are supported by substantial evidence in the record. This evidence should have been discussed by the ALJ. This caused ambiguity in the record, which would be important to resolve on remand.

D. Whether the ALJ's error(s) were harmless.

An error that is inconsequential to the non-disability determination is harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include work-related limitations supported by the record, the RFC is deficient, and the error is not harmless. *Id; see also, Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished). The ALJ found that plaintiff would be able to do "sedentary work". AR 21. This means, "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 CFR 614.967.

Plaintiff's counsel asked during the hearing, whether the sedentary jobs identified by the Vocational Expert would allow for the plaintiff to "sit for 30 minutes at one time". The attorney clarified: "And the combination of – well, the sitting is less than two hours and the standing and walking is less than two hours." AR 102. The V.E. responded that

if the combination of sitting and standing and walking would be less than two hours, then the individual would be precluded from performing the sedentary jobs identified by the V.E. AR 102. If the person needed to take frequent breaks, about every 15 minutes, the V.E. stated "all of a sudden this focuses in on the being off task issue." According to the V.E.'s testimony, if the individual was off task about every 15 minutes, and they needed to walk around for about 10 minutes to relieve chronic pain, then employment in the sedentary occupations would be precluded. AR 103-104. The record shows that plaintiff was in chronic pain, and her back condition was causing work-related limitations due to lower back and hip pain.

The ALJ's error were not harmless. The limitations concerning plaintiff's chronic pain as well as the ambiguity concerning medication side-effects, were consequential, because the limitations are not included in the resulting assessment of plaintiff's residual functional capacity. The ALJ's decision finding that plaintiff's symptom statements were not credible, is not based on substantial evidence.

## REMAND FOR FURTHER PROCEEDINGS

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

ORDER REVERSING AND REMANDING FOR
FURTHER PROCEEDINGS - 10

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). The Ninth Circuit emphasized in *Leon v. Berryhill,* 80 F.3d 1041, 1045 (9th Cir. 2017), that even when each element is satisfied, the district court has discretion to remand for further proceedings or for award of benefits. *See also, Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (courts have the flexibility to remand for further proceedings when the record as a whole creates "serious doubt" as to whether the claimant is disabled within the meaning of the Social Security Act.).

Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts. Therefore, this matter should be reversed for further administrative proceedings, including a *de novo* hearing.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision in this case is REVERSED and this matter is REMANDED to the Commissioner for further administrative proceedings.

1    Dated this 27th day of June, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR
FURTHER PROCEEDINGS - 12